O

# United States District Court
# Central District of California

| | |
|---|---|
| CORLISS BOWERS; IRENE FLOURNOY; DIANETTE PORTER; TAMMY MCCARLEY; MARDEL MAGORIAN; TRAVIS JOHNSON; MARY LYONS; ANNETTE BARTLETT; MARTHA VALLADEZ, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br>   v.<br>FIRST STUDENT, INC.; and DOES 1–100, inclusive,<br>       Defendants. | Case No. 2:14-CV-8866-ODW (Ex)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE THE CLASS AND PAGA REPRESENTATIVE ALLEGATIONS FROM PLAINTIFFS' FIRST AMENDED COMPLAINT [19]** |

## I. INTRODUCTION

Defendant First Student Inc. ("First Student") moves to strike class allegations and Private Attorneys General Act ("PAGA") representative allegations from

Plaintiffs'[1] First Amended Complaint. Plaintiffs oppose on the basis that, given the misunderstanding involving a reassignment of judges combined with recent medical issues for Plaintiffs' counsel, Plaintiffs should be allowed to maintain their class and PAGA representative allegations and be able to move for class certification. For the reasons below, First Student's Motion is **GRANTED**.[2] (ECF No. 19.)

## II. FACTUAL BACKGROUND

Plaintiffs were employed by First Student as school bus drivers. (ECF No. 1, Ex. 1 ["FAC"] ¶ 18.) Plaintiffs allege that First Student did not pay the school bus drivers for all time worked, including time under First Student's control that Plaintiffs "were suffered or permitted to work, whether or not required to do so." (*Id.*) From April 12, 2007 up until this action began pending, First Student required Plaintiffs and other employees of First Student to: (1) work off-the-clock without compensation; (2) perform work other than driving school buses; (3) receive no more than prescribed wages of a fixed time period; and (4) work for less than minimum wage. (*Id.* ¶¶ 19–20.) Furthermore, Plaintiffs allege that First Student failed to: (5) pay their employees each pay period; (6) provide employees with timely and accurate wage and hour statements; and (7) pay the employees in a timely manner upon separation. (*Id.* ¶ 20.) Additionally, First Student violated California's Unfair Competition Law ("UCL") and breached their oral agreements with their employees. (*Id.*) Plaintiffs intended to bring suit as a class action representing the Plaintiffs and other current/former employees of First Student similarly situated. (*See id.* ¶¶ 19–36.)

On October 15, 2014, Plaintiffs filed a Complaint in Los Angeles County Superior Court against First Student alleging six causes of action: (1) Willful failure to pay regular wages; (2) Failure to pay wages when due; (3) Failure to pay minimum

---

[1] Corliss Bowers, Irene Flournoy, Dianette Porter, Tammy McCarley, Mardel Magorian, Travis Johnson, Mary Lyons, Annette Bartlett, and Martha Valladez will collectively be referred to as "Plaintiffs."

[2] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

wage; (4) Failure to furnish accurate wage statements; (5) Waiting time penalties; and (6) Unfair Competition. (ECF No. 1, Ex. 2 ["Compl."] ¶¶ 45–86.) On October 21, 2014, Plaintiffs filed their First Amended Complaint adding a seventh cause of action for "Penalties Pursuant to Labor Code § 2699 on Behalf of Plaintiff and All Aggrieved Persons." (FAC ¶¶ 92–97.) Plaintiffs seek injunctive relief in the form of an order prohibiting First Student from continuing the activities outlined in the above allegations. (*Id.* ¶ 41.) Plaintiffs further seek payment of all wages and benefits owed, penalties and interest, and attorney fees and costs. (*Id.* ¶ 42.) Lastly, Plaintiffs seek restitution and disgorgement of all sums wrongfully obtained by First Student. (*Id.* ¶ 44.)

On November 14, 2014, First Student removed this action to the Central District of California. (ECF No. 1.) Originally, this action was assigned to District Judge Margaret M. Morrow, but on January 26, 2015, this action was transferred to this Court. (ECF Nos. 9, 14.) On February 27, 2015, Plaintiffs filed an *ex parte* application to continue the deadline for class certification from February 17, 2014 to June 27, 2015. (ECF No. 15 ["Appl."].) On March 3, 2015, this Court denied Plaintiffs' *ex parte* application. (ECF No. 18.)

On March 12, 2015, First Student moved to strike class allegations and PAGA representative allegations from the First Amended Complaint. (ECF No. 19.) Plaintiff opposed and First Student replied. (ECF Nos. 20, 21.) First Student's Motion is now before the Court for consideration.

### III. LEGAL STANDARD

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Immaterial matter is that which has no essential or important relationship to

the claim for relief or the defenses being pleaded. *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993) (*rev'd on other grounds Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)) (internal citations and quotations omitted). Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. *Id.* Motions to strike are disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). They should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

## IV. DISCUSSION

### A. Class Allegations

Rule 23 of the Federal Rules of Civil Procedure states, "[a]t an early practicable time after a person sues or is sued as a class representative, *the court* must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A) (emphasis added). To abide by this requirement, the Central District of California has adopted Local Rule 23-3, which requires a proponent of a class action to move for class certification "[w]ithin 90 days after service of a pleading purporting to commence a class action . . . ." L.R. 23-3. Moreover, "[d]istrict courts have broad discretion to enforce this rule." *Rocha v. Yoshinoya West, Inc.*, No. CV 06–00487 MMM (AJWx), 2007 WL 8398819, at *2 (C.D. Cal. Jan. 8, 2007) (citing *Reasonover v. St. Louis Cnty, Mo.*, 447 F.3d 569, 579 (8th Cir. 2006)).

From the date of First Student's removal, Plaintiffs had until February 17, 2015 to move for class certification. (Appl. 2.) It was not until ten days after that deadline that Plaintiffs filed an *ex parte* application requesting to extend the deadline to June 27, 2015. (*Id.*) First Student argues that Plaintiffs' failure to comply with the timing requirements to move for class certification outlined in Federal Rule of Civil Procedure 23 and Local Rule 23-3 call for Plaintiffs' class allegations to be stricken

4

1  from the First Amended Complaint.  (Mot. 4–11.)  Plaintiffs argue that First Student's
2  Motion should be denied, and that Plaintiffs should be allowed to file a motion for
3  class certification.  (Opp'n 2–6.)  Specifically, Plaintiffs argue that the health concerns
4  of Plaintiffs' lead counsel constitute good cause worthy of extending the deadline for
5  class certification, and Plaintiffs' failure to abide by the filing deadline is a result of
6  excusable neglect.  (*Id.* at 6–7.)  First Student contends that Plaintiffs' Opposition is
7  no more than an improper motion for reconsideration of Plaintiffs' *ex parte*
8  application and that that Plaintiffs' arguments lack merit and have already been
9  rejected by the Court.  (Reply 2–7.)

10        The Court denied Plaintiffs' *ex parte* application requesting to continue the 90-
11  day deadline despite the health issues of Plaintiffs' counsel, and the same argument
12  will not be reconsidered at this time.  Furthermore, there is significant precedent that
13  supports striking class allegations from a complaint when a plaintiff has failed to
14  move for class certification in a timely manner.  *See, e.g.*, *Rocha*, WL 8398819, at *3
15  (C.D. Cal. Jan. 8, 2007) ("Plaintiffs' failure to seek class certification in a timely
16  fashion is a strong indic[ation] that plaintiffs are not adequately and fairly representing
17  the interests of the absent class.") (internal citations omitted); *Grandson v. Univ. of
18  Minn.*, 272 F.3d 568, 574 (8th Cir. 2001) (holding that the district court did not abuse
19  its discretion in striking plaintiffs' class allegations because they provided no credible
20  reason for their failure to file a certification motion prior to the deadline set forth in
21  the local rules); *Hall v. Bio–Med. App., Inc.*, 671 F.2d 300, 302–03 (8th Cir. 1982)
22  (holding that it was not an abuse of discretion to strike class allegations due to
23  plaintiffs' failure to comply with a local rule requiring that a class certification motion
24  be filed within ninety days after the case commenced); *Walton v. Eaton Corporation*,
25  563 F.2d 66, 74–75 & n. 11 (3d Cir.1977) (failure to move for class certification
26  within 90 days as required by the local rules justified denial of a class certification
27  motion); *Price v. United Guaranty Residential Ins. Co.*, No.Civ.A.3:03–CV–2643–G,
28  2005 WL 265164, *3 (N.D.Tex. Feb.2, 2005) ("Price clearly failed to comply with the

court's deadline for filing the motion for class certification and, as a result, he is now precluded from moving for class certification"); *Bruce v. County of Rensselaer*, No. 02–CV–0847, 2003 WL 22436281, *2 (N.D.N.Y. Oct.20, 2003) ("Plaintiffs failed to comply with the clear deadline for filing the motion for class certification, and, as a result, they are now precluded from moving for class certification").

At minimum, Plaintiffs should have asked for an extension *before* the deadline or ask for clarification as to any confusion due to the case being transferred, instead of incorrectly assuming that the deadline would be extended. Because Plaintiffs' class allegations are no longer material to Plaintiffs' claims, the Court **GRANTS** First Student's Motion to Strike the class allegations from the First Amended Complaint.

**B.     PAGA Representative Claims**

Under PAGA, an aggrieved employee may bring a civil action "on behalf of himself or herself and other current or former employees" to recover civil penalties for Labor Code violations. *See* Cal. Lab. Code § 2699(a). Seventy-five percent of the civil penalties go to the Labor and Workforce Development Agency, and twenty-five percent go to the "aggrieved employees." *Id.* § 2699(I).

In state actions, "an 'aggrieved employee' may bring a civil action personally and on behalf of other current or former employees to recover civil penalties for Labor Code violations." *See Arias v. Superior Court*, 46 Cal. 4th 969, 980 (2009). But "'a plaintiff whose cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court,' if the plaintiff cannot demonstrate the requisite federal procedural and jurisdictional requirements." *Fields v. QSP, Inc.*, No. CV 12–1238 CAS (PJWx), 2012 WL 2049528, at *5 (C.D. Cal. June 4, 2012) (quoting *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1001–02 (9th Cir. 2001)). "[L]ike the rest of the Federal Rules of Civil Procedure, Rule 23 *automatically* applies in all civil actions and proceedings in the United States district courts." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 400 (2010). Regarding PAGA claims specifically, "the Ninth

Circuit has yet to decide whether plaintiffs bringing a PAGA claim in federal court must satisfy the requirements of Rule 23, and the district courts in California are split on the issue." *Litty v. Merrill Lynch & Co., Inc.*, No. CV 14–0425 PA (PJWx), 2014 WL 5904904, at *3 (C.D. Cal. Nov. 10, 2014) (internal quotations omitted). *See also Pedroza v. PetSmart, Inc.*, No. ED CV 11–298–GHK (DTBx), 2013 WL 1490667, at *15 (C.D. Cal. Jan. 28, 2013) ("In the wake of *Aria* and *Amalgamated,* district courts in this circuit are split over whether a representative PAGA claim must comply with Rule 23's class action requirements.").

Some courts have stricken PAGA claims ruling that the third-party representative nature of PAGA claims warrants conformity to the procedural requirements of Rule 23. *See Ivey v. Apogen Techs., Inc.*, No. 11CV366 DMS NLS, 2011 WL 3515936, at *3 (S.D. Cal. Aug. 10, 2011) (holding that PAGA "contravenes federal procedural requirements" by not conforming to Rule 23); *Fields v. QSP, Inc.*, No. CV 12–1238 CAS (PJWx), 2012 WL 2049528, at *5 (C.D. Cal. June 4, 2012) ("PAGA specifically permits recovery for unnamed nonparties. [ ] As such, it is a procedural mechanism by which litigants may recover for absent plaintiffs, akin to a class action."); *but see Pedroza*, WL 1490667, at *16 ("PAGA plaintiffs [ ] do not seek to represent absent class members to recover individual relief on their behalf. Instead, they act 'as the proxy or agent of the state's labor law enforcement agencies" to obtain civil penalties.'").

In this case, First Student argues that all class and "all aggrieved persons" allegations should be stricken from Plaintiffs' seventh cause of action because Plaintiffs failed to conform to the procedural guidelines of Rule 23 by missing the 90-day deadline to file for class certification. (Mot. 12–16.) Plaintiffs did not address this argument in their Opposition. The Court finds First Student's argument persuasive. Because Rule 23 is a procedural statute that clearly outlines requirements for third-party representation, the Court holds that Plaintiffs' PAGA representative claims must abide by Rule 23.

Even if Rule 23 did not apply to PAGA representative claims, such claims can be stricken if they are found to be "unmanageable." *See Litty*, WL 5904904, at *3 (C.D. Cal. Nov. 10, 2014). A PAGA claim can be considered unmanageable when "a multitude of individualized assessments would be necessary." *Ortiz v. CVS Caremark Corp.*, No. C–12–05859 EDL, 2014 WL 1117614, at *4 (N.D. Cal. Mar. 19, 2014).

Similarly, if Plaintiffs proceeded with asserting the PAGA claims on behalf of Plaintiffs and "other current or former employees of First Student and all persons aggrieved" without class certification, it would involve a "multitude of individual assessments." Therefore, the Court **GRANTS** First Student's Motion to Strike the PAGA representative claim.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Strike. (ECF No. 19.) Plaintiffs have until **May 7, 2015** to file a Second Amended Complaint that is consistent with this Order.

**IT IS SO ORDERED.**

April 23, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**